

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Search of: | Case Number: **19M361** |
| The Instagram account _Chiefkells, further described in Attachment A-2 of the Search Warrant | Magistrate Judge Jeffrey Cole <br><br> **UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL SEARCH WARRANT, APPLICATION, AND AFFIDAVIT AND TO COMMAND INSTAGRAM NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF THE WARRANT

Now comes the UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and states as follows in support of its Motion to Seal Search Warrant, Application, and Affidavit:

On the 23rd day of May, 2019, the government applied for a Search Warrant in this matter, and submitted an Application and Affidavit in support. The Search Warrant Affidavit details the facts supporting probable cause to believe that evidence, instrumentalities, fruits, and contraband concerning firearm offenses in violation of Title 18, United States Code, Section 922(g)(1) offenses, in violation of Title 18, United States Code, Section 922(g)(1), will be found in the **Subject Account**.

The government will continue its investigation after execution of the Search Warrant, and disclosure of the Application and Affidavit would jeopardize the investigation by providing the subject of the investigation an opportunity to destroy

evidence or flee, jeopardize the safety of the agents executing the warrant by alerting the occupants in advance to the execution of the search warrant, and jeopardize the investigation by disclosing the details of facts known to investigators, the identities of witnesses, and the investigative strategy. For the foregoing reasons, the government respectfully requests that the Search Warrant, Application, and Affidavit be sealed for 180 days from the date of this Order, until November 18, 2019, except as necessary to facilitate the enforcement of criminal law, including the execution of the search warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties.

In addition, Instagram is a provider of an electronic communication service, as defined in Title 18, United States Code, Section 2510(15), and/or a remote computer service, as defined in Title 18, United States Code, Section 2711(2). Pursuant to 18 U.S.C. § 2703(b)(1)(A) and (c)(3), the government is not required to provide notice of the warrant to the subscriber or customer of the account.

Furthermore, under Title 18, United States Code, Section 2705(b), if the Court determines that that "there is reason to believe that notification of the existence of the warrant will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation," this Court shall issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant. . . is

directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

In this case, such an order would be appropriate because the warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation inasmuch as one of the targets of this investigation is believed to be the primary user of **Subject Account 5.** Accordingly, there is reason to believe that notification of the existence or content of the warrant will endangering the life or safety of an individual, causing flight from prosecution, causing the destruction of or tampering with evidence, causing the intimidation of potential witnesses, and otherwise seriously jeopardizing the investigation. *See* 18 U.S.C. § 2705(b). Moreover, some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers and cellular telephones.

The United States respectfully requests that the Court issue an order commanding Instagram not to disclose the existence or content of the warrant to any person, until the warrant is unsealed by this Court, except that Instagram may disclose the warrant to an attorney for Instagram for the purpose of receiving legal advice.

                                          Respectfully submitted,

                                          JOHN R. LAUSCH, JR.
                                          United States Attorney

By:    *William Dunne*
        William Dunne
        Assistant United States Attorney
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300

DATE: May 23, 2019